2. LANDLORD AND TENANT, § 164*—*Measure of damages for lessor's failure to complete premises in time.* A lessee kept out of occupancy of the demised premises by the failure of the lessor to complete it by the stipulated time may recover the cash market value of the leasehold interest for the time he was kept out of possession by reason of the fact that it was not ready for occupancy.

3. LANDLORD AND TENANT, § 164*—*evidence admissible where premises not completed in time.* On an issue of fact whether leased premises were ready for occupancy by the stipulated time, evidence is admissible to corroborate the tenant's own evidence on such issue.

4. LANDLORD AND TENANT, § 216*—*remedy for failure to furnish fixtures.* If a landlord fails to furnish fixtures that he agreed to furnish, the tenant has the right to buy and install the same and recover of the landlord the necessary costs of so doing.

---

## G. W. Overall, Plaintiff in Error, v. Chicago Motor Car Company, Defendant in Error.

### Gen. No. 18,278.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Reversed and remanded. Opinion filed November 21, 1913.

### Statement of the Case.

Action by G. W. Overall against Chicago Motor Car Company, a corporation, to recover damages for the breach of a warranty in the sale of an automobile body. From a judgment for plaintiff for $5.78, on a peremptory instruction to find such an amount, the plaintiff brings error.

BULKLEY, GRAY & MORE, for plaintiff in error.

MAYER, MEYER, AUSTRIAN & PLATT, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Overall v. Chicago Motor Car Co., 183 Ill. App. 276.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

## Abstract of the Decision.

1.  SALES, § 399*—*what must be shown to recover for breach of warranty.* In an action by a purchaser of an automobile body to recover damages for a breach of warranty, it is necessary to establish the purchase, the warranty, a breach of the warranty and damages.

2.  SALES, § 404*—*measure of damages for breach of warranty.* The measure of damage for a breach of warranty in the sale of an automobile body is the actual value of the property at the time and place of delivery and what it would have been worth if it had been as warranted.

3.  EVIDENCE, § 421*—*expert may give opinion on value.* A witness properly qualified may give an opinion as to the value of an automobile body at the time and place of its delivery to the purchaser.

4.  EVIDENCE, § 430*—*when expert on value is competent.* The plaintiff in an action to recover for a breach of warranty in the sale of an automobile body, testifying that he knew the cost of such bodies, what they sold for on the market, that he had been familiar with them for ten years and had examined and priced nearly every make in the city of its delivery, is a competent witness to testify as to the value of the body.

5.  TRIAL, § 192*—*when peremptory instruction is proper.* A peremptory instruction to find the issues for the defendant is proper where there is no evidence which, standing alone with all reasonable inferences to be drawn therefrom, fairly tends to support the plaintiff's case.

6.  SALES, § 401*—*damage must be proved in breach of warranty.* Where in an action for a breach of warranty in the sale of an automobile body there is no evidence of the damage sustained by the breach, it is proper to give a peremptory instruction.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.